UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM SANCHEZ,

    Plaintiff,

v.                                      CASE NO.:

ACCESS HEALTH CARE PHYSICIANS,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, WILLIAM SANCHEZ, by and through undersigned counsel, brings this action against Defendant, ACCESS HEALTH CARE PHYSICIANS, LLC, and in support of his claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages for violations of 42 U.S.C. § 1981 ("Section 1981").

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Pinellas County, Florida.

**PARTIES**

4. Plaintiff is a resident of Tampa, Hillsborough County, Florida.

5. Defendant operates a medical practice in St. Petersburg, Pinellas County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. Plaintiff is a member of a protected class of persons under Section 1981.

10. Plaintiff is an employee whose rights to contract for employment, and enjoy the benefits of employment, are protected under Section 1981.

11. Under Section 1981, Defendant is an employer prohibited from interfering with any employee's contractual right to enjoy the same benefits, privileges, terms, and conditions of employment that all other employees of Defendant otherwise enjoy, regardless of the employee's race and/or color.

12. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's protected rights under Section 1981.

## FACTS

13. Plaintiff is of Puerto Rican descent.

14. Plaintiff began working for Defendant as a Lab Technician in July 2017, and he worked in this capacity until December 2017.

15. Plaintiff performed the duties of his position with Defendant in a satisfactory manner.

16. During his tenure with Defendant, Plaintiff was reprimanded by his supervisor Yolanda Crane for speaking Spanish to his coworkers and Defendant's medical physicians.

17. Ms. Crane informed Plaintiff that he was not allowed to speak Spanish and was only permitted to speak English in the workplace.

18. On or about December 2017, Plaintiff reported Ms. Crane's discriminatory treatment of him to Human Resources ("HR").

19. After Plaintiff complained to Defendant about the discrimination that he was suffering at work, Defendant took no remedial action.

20. Instead, after Plaintiff complained about Defendant's discrimination and disparate treatment, Defendant retaliated against Plaintiff by terminating Plaintiff's employment.

## COUNT I – 42 U.S.C. § 1981 VIOLATION
## (ANCESTRY DISCRIMINATION)

21. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 20 of this Complaint, as though fully set forth herein.

22. Plaintiff is a member of a protected class of persons under Section 1981.

23. Plaintiff was subjected to disparate treatment by Defendant, based solely on Plaintiff's ancestry.

24. The foregoing actions constitute unlawful discrimination, in violation of Section 1981.

25. Defendant's actions were willful and done with malice.

26. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

27. Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

### COUNT II — 42 U.S.C. § 1981 VIOLATION (RETALIATION)

28. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 20 of this Complaint, as though fully set forth herein.

29. Plaintiff is a member of a protected class of persons under Section 1981.

30. By reporting his supervisor's discriminatory treatment of him to the HR, Plaintiff engaged in protected activity under Section 1981.

31. Defendant retaliated against Plaintiff for engaging in protected activity under Section 1981 by terminating his employment.

32. Defendant's actions were willful and done with malice.

33. Defendant's retaliation was based solely on Plaintiff's exercise of his right to resist and oppose unlawful discrimination and harassment, which is protected under Section 1981.

34. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

35. Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 11th day of April, 2018.

Respectfully submitted,

*/s/ signature*

**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: (813) 379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: twells@wfclaw.com
**Attorneys for Plaintiff**

6